## MARTHA VREELAND

*v.*

### JOHN VREELAND et al., executors &c.

A widow may, on tendering a refunding bond, demand of her husband's executors a legacy given to her by his will, and they have no right, on an allegation that the legacy was given to the widow in lieu of her dower, to demand, as a condition of paying the legacy, that she shall give a release of her dower in the real estate.

Bill for a legacy.   On final hearing on bill and answer.

*Mr. J. W. Griggs,* for complainant.

*Mr. M. Force,* for defendants.

THE CHANCELLOR.

This suit is brought by Martha Vreeland against the executors of the will of her deceased husband, to recover a pecuniary legacy given to her by that instrument.   The bill states that the legacy was given to her by the will; that the defendants are the executors, and proved the will; that they have assets in their hands to an amount more than sufficient to pay all the debts and legacies; that more than a year had elapsed from the time of proving the will when the suit was brought, and that the complainant, after the expiration of that period, demanded payment of the legacy from the executors, offering to give them, on receipt of the money, such receipt, release or refunding bond as was required by law in the premises, but that they refused to pay her.   By the bill she still makes such offer.   The legacy in question was given by a clause of the will which gives to her $600 and certain goods and chattels, and the free use of the testator's house and real estate for one year after his death.   The executors are the testator's sons, to whom, by the next section of

the will, he gives his real estate "after" her "right expires." They, by the answer, deny none of the statements of the bill, but allege, by way of defence, that the legacies were given to her in lieu of her dower, and that she has accepted them, and has had the goods and chattels and the use of the house and real estate, and that they have the right to demand of her a release of her dower in the real estate on the payment of the legacy. It is enough to say that they have no right, legal or equitable, to demand such release as a condition of payment of the legacy.

There will be a decree for the complainant.